DAVID SAMIOF, Respondent, *v.* EDWARD W. KEHN, Appellant.

County Court, Rensselaer County, March 15, 1928.

**Motor vehicles — negligence — automobile delivered in part payment of new car was involved in accident prior to consummation of sale — car was being driven at time of accident with implied permission of owner, within meaning of Highway Law, § 282-e — owner is liable.**

Where the owner of an automobile delivers it to a dealer in part payment of a new car and prior to the consummation of the sale the automobile is involved in an accident in which the driver thereof is found to be negligent, it will be held that the car was being driven at the time of the accident with the implied permission of the owner, within the meaning of section 282-e of the Highway Law, so as to render the owner liable for negligence.

APPEAL by the defendant from a judgment rendered in the City Court of Troy, N. Y., in favor of the plaintiff against the defendant in the sum of $335.20 damages and costs in an action for negligence.

*John J. Scully*, for the appellant.

*Ely S. Koplovitz*, for the respondent.

BREARTON, J. The defendant owned a Gardner sedan automobile and entered into an agreement with the Martin-Wheeler Company to turn this car in in part payment of a new automobile which was to be delivered in April, 1926, at the price of at least $400 and as much more as they could get for same.

The accident happened on March 6, 1927. The principal contention on this appeal is that the defendant was not liable for the acts of the person who was driving his car, that person being a stranger to him and not using it in his business or with his permission. The defendant also contends that he was not then the owner of the car, as he had sold it.

While the pleadings are oral, as is customary in the City Court of Troy, it appears that the defendant interposed a counterclaim for damages to his automobile which was involved in the accident, thus asserting ownership. Furthermore, it was admitted on the trial that the license under which the car was being operated was issued to the defendant and was still held by him. No transfer had been made. It further appears that while an agreement to sell was made it was not consummated.

The accident happened at night and at a point in the public highway where snow had drifted and made it impossible for two cars to pass at the same time.   The two cars were going in opposite directions.   The driver of defendant's car went over on the left side of the road instead of waiting for plaintiff's car to pass the narrowed point in the highway.

Section 282-e of the Highway Law (added by Laws of 1924, chap. 534, as amd. by Laws of 1926, chap. 730) provides: " Every owner of a motor vehicle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the busi-· ness of such owner *or otherwise,* by any person legally using or operating the same with the permission, express or implied, of such owner.''

It seems to me that this section was intended to cover such cases as this and that the trial court was justified in finding as a matter of fact that the car was being used at the time of the accident with the implied permission of the defendant.   He testified that when the car was turned over to the Martin-Wheeler Company they were to demonstrate it and sell it, allowing him credit for the proceeds.   There was sufficient evidence to sustain the finding of negligence against the driver of defendant's car.   I find no error requiring a reversal.

Judgment is, therefore, affirmed, with costs.